[No. 29318.   Department Two.   September 14, 1944.]

ROBERT N. CRAIG, *Appellant,* v. CLEARWATER CONCENTRATING COMPANY, INC., *Respondent,* ROBERT HAGE, *Additional Defendant.*[1]

*G. D. Eveland* and *Clarence J. Coleman,* for appellant.

*Hulbert, Helsell & Paul* and *Hulbert S. Murray,* for respondent.

ROBINSON, J.—This is an appeal from an order dismissing a plaintiff's action pursuant to Rule 3 of Rules of Pleading, Procedure, and Practice. The rule has remained unchanged since its promulgation in 1938. We quote from the latest compilation of the rules in 18 Wn. (2d), where it appears on page 32-a, supplemented by a comprehensive list of authorities illustrating its application:

"Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff or crosscomplainant shall neglect to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial

'Reported in 151 P. (2d) 828.

or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after notice to the adverse party."

It appears from the record that in December, 1938, Mr. Gordon D. Eveland, an attorney of Everett, Washington, began an action for Robert N. Craig, the appellant here, against Clearwater Concentrating Company, Inc., hereinafter sometimes referred to as Clearwater Co. On May 29, 1939, Mr. Eveland filed a summons and supplemental complaint, naming Robert Hage as an additional defendant. This must have been served on the Clearwater Co. at some prior date, for service of its answer, captioned "Robert N. Craig, Plaintiff, vs. Clearwater Concentrating Company, Inc., Defendant, Robert Hage, Additional Defendant," was acknowledged by Mr. Eveland on May 12, 1939.

Nothing further seems to have occurred in the matter until January 18, 1941, when Mr. Eveland filed the first complaint; that is, the one in which the Clearwater Co. was made the sole defendant. At the same time he filed a demand for jury trial and a note for setting. The court's minute entry of January 20, 1941, relevant to the cause, is as follows:

"Defendant appears and objected to setting at this time. Setting stricken by court not duly and properly noted: necessary to re-note."

On April 24, 1941, Mr. Eveland served notice that the case would be brought on for setting April 28th. This notice is captioned: "Robert N. Craig, Plaintiff, vs. Clearwater Concentrating Company, Inc.," and is addressed to Hulbert, Helsell & Bettens, "Attorneys for Defendant."

On April 28, 1941, Robert Hage made his first appearance in the case by filing the following motion:

"Comes now Robert Hage, additional defendant above named, by and through Messrs. Hulbert, Helsell & Bettens, his attorneys, and moves the Court for an order herein staying all further proceedings herein during the period of military service of said additional defendant and until sixty (60) days thereafter."

The motion was supported by an affidavit averring that Hage was then in the military service, stationed at Fort Douglas, Utah, and unable to attend a trial. The minute entry of April 28, 1941, indicates the court's disposal of the two matters before it, as follows: "Stayed as to Bob Hague. Setting passed one week." Two days after, on April 30, 1941, the court entered its formal order which, omitting the introductory recital, reads as follows:

"IT APPEARING to the Court that said Robert Hage is now in the military service of the United States and that his defense to the above entitled action is materially affected by reason of his military service; now, therefore,

"IT IS HEREBY ORDERED that the above entitled action be and the same is hereby stayed as to the defendant, Robert Hage, until the further order of the Court herein.

"Done in Open Court this 30 day of April, 1941.

"CHARLES R. DENNEY, Judge"

The minute entry of May 5, 1941, is as follows: "No one appearing setting passed one week." The minute entry of May 12, 1941, is as follows: "Stricken from setting calendar no one appearing and having been on calendar three times." It is admitted that no further notice of setting was ever given.

After the passage of nearly two years, on April 19, 1943, defendant Clearwater Co. moved to dismiss the action as to it, without prejudice, on the ground that the plaintiff had failed to prosecute it within one year after issue of fact was joined, as provided by Rule 3. With the motion, it filed its answer, which had been served on plaintiff's attorney, Mr. Eveland, in May, 1939, and an affidavit stating that the case was stayed as to Hage only, and shortly after stricken from the trial calendar, and that the plaintiff had not noted it since that date.

Mr. Eveland filed an affidavit in opposition, in which he set up that:

"April 30, 1941, the above entitled court, Judge Denney presiding, entered an order staying all proceedings until further order of the court in accordance with the motion of such additional defendant; that since then the case has remained in status quo; that said additional defendant is still

in the military service of the United States and the situation has in no manner changed as to the parties to the cause; that plaintiff in the meantime has been in a lock where he could not move to have the cause set down for trial, especially in view of the Federal law inhibiting the prosecution of a cause against one in its military service during the present war, or for sixty days thereafter; that said cause, when tried, should be prosecuted against said additional defendant as well as against defendant for the reason that such additional defendant was the driver of the car at the time of plaintiff's injury and through his negligence was the cause of such injury; that plaintiff would like to prosecute said cause and since his demand for a jury trial has been ready therefor and would have done so had he not been stopped by the order of this court entered pursuant to Federal law staying further proceedings."

■ It is clear that Mr. Eveland was laboring under a mistake of both fact and law when he made his affidavit, for Judge Denney's order of April 30th, which we have quoted above, expressly stayed the action as to Hage only, and the staying of an action as to a defendant in the military service does not necessarily or automatically stay it as to his co-defendant. *State ex rel. Frank v. Bunge,* 16 Wn. (2d) 358, 133 P. (2d) 515. Cases are conceivable where the defendant against whom the action is not stayed by a stay granted a codefendant might show that the circumstances are such that he also is entitled to a stay. It seems to be claimed in Mr. Eveland's affidavit that this is such a case. If so, he should have moved for a stay. Not having done so (unless his contention next to be discussed is sound), it remained his duty to note the case for trial.

■ It is contended on behalf of appellant that no issue of fact or law was "joined" within the meaning of Rule 3 until the Clearwater Co. filed its answer on April 19, 1943, and, therefore, he was under no duty to prosecute the action by noting the case for trial until the answer was filed. The respondent contends that an issue of fact was "joined" in May, 1939, when it served its answer denying the material allegations of the complaint. Rem. Rev. Stat., § 311 [P. C. § 8475], provides, in part, as follows:

"An issue of fact arises,—

"First: Upon a material allegation in the complaint controverted by the answer; . . . "

We think the word "joined," as used in Rule 3, means the same as "arises" in the statute above quoted. We deem it unnecessary to quote from the statutes or to cite decisions to the effect that, under our procedure, when a complaint and summons are served, the complaint becomes immediately operative. When that has been done, the action is under way, although nothing has been filed in court. An answer likewise becomes operative at the time it is served. A default cannot be taken if an answer has been served within the statutory period. Both the complaint and answer are fully operative, although not filed, and an issue of fact is joined by the one denying the material, factual allegations of the other. In our opinion, an issue of fact was "joined" when the Clearwater Co. served its answer in 1939. Moreover, the appellant must have been of that opinion when he filed the note for trial in January, 1941.

█ We are urged to give a liberal construction to the rule on various grounds. The trial judge, who heard the motion to dismiss and entered the order appealed from, filed a carefully prepared memorandum decision in which he said, in part:

"Rule 3 is rigid. As written and as applied by the highest court it knows no exceptions. Litigants must toe the mark set by that rule. It is as a tight rope which the litigant must walk. It is as imperative upon judges of lower courts as is a statute governing the taxation of costs. It can know no departure and no alleviation of consequence of non-abidance by imposition of just terms. Plaintiff cannot be relieved of the consequence of misunderstanding as to the actual grant of stay, if there was such. It is even now too late for plaintiff to himself ask stay as to Clearwater Concentrating Company, Inc. Judges have no choice, and can exercise no discretion whatever be the consequences to follow dismissal of the action. *State ex rel. Lyle vs. Superior Court,* 3 Wash. (2d) 702; *State ex rel. Goodnow vs. O'Phelan,* 6 Wash. (2d) 146.

"Plaintiff has not lived by and within Rule 3. The consequence is inevitable. Defendant Clearwater Concentrat-

ing Company, Inc., not being at fault, there must be a dismissal without prejudice."

This statement is fully warranted by the cases cited therein, as well as by a large number of other decisions cited in 18 Wn. (2d), at the bottom of page 32-a. We quote from one of the more recent of these, *State ex rel. Dawson v. Superior Court,* 16 Wn. (2d) 300, 133 P. (2d) 285, decided in 1943:

"Under this rule, the court has no discretion, but must dismiss the action if it has been pending for one year after any issue of law or fact has been joined, unless the failure to bring the case on for trial has been caused by the one making the motion to dismiss."

We are not inclined to relax the rule by a more liberal construction. All courts have found, through sad and sometimes bitter experience, that a rule which is not impartially and inflexibly applied but is from time to time relaxed, with the sympathetic purpose of avoiding seeming hardship in individual cases, soon becomes no rule at all.

The judgment and order appealed from is affirmed.

SIMPSON, C. J., BLAKE, and MALLERY, JJ., concur.

MILLARD, J. (concurring)—I agree, particularly with that portion of the opinion insisting upon impartial application of rules and refraining from relaxation thereof because of sympathy for litigant in an instant case. In this, however, we have not been consistent. See the conflicting lines of opinions of this court on subject of tort claims in *Duschaine v. Everett,* 5 Wn. (2d) 181, 105 P. (2d) 18, 130 A. L. R. 134; *Sopchak v. Tacoma,* 189 Wash. 518, 66 P. (2d) 302; and *Johnson v. Seattle,* 9 Wn. (2d) 231, 114 P. (2d) 972. It is hoped that the paragraph of this opinion to which I have referred may be respected by us in the future.