[No. 29389.   Department Two.   March 31, 1945.]

SAMUEL H. TOLLEFSON *et al., Appellants,* v. THE UNITED ASSOCIATION OF JOURNEYMEN, PLUMBERS AND STEAM-FITTERS, EVERETT LOCAL UNION No. 265, *et al., Respondents.*[1]

*J. L. Rucker,* for appellants.

*L. Presley Gill,* for respondents.

ROBINSON, J.—The appellants brought this cause to obtain a mandatory injunction in an alleged labor dispute. As the record shows, the action was instituted September 17, 1942. The judgment refusing the injunction sought, and from which the appeal was taken, was entered as long

[1]Reported in 157 P. (2d) 597.

ago as October 23, 1942, and the appeal was taken by filing notice and bond on November 18, 1942.

On May 29, 1944, more than a year and a half after notice of appeal was given, the respondents, having found that the appeal had not even been docketed in this court, filed a transcript of the judgment, notice of appeal, and bond, and moved that it be dismissed. In their brief, they complained, not only of the appellants' failure to file a transcript, statement of facts, or anything else in this court, but further claimed that no statement of facts had even been certified, although it seems that a proposed statement of facts had theretofore been filed in the lower court. The motion came on for hearing on June 9, 1944. For reasons unnecessary to detail here, but one of which is that appellants filed their transcript on appeal a week before the matter came on for hearing, the court was lenient and denied the motion.

Five more months passed without anything more being added to our record, and a second motion to dismiss was noted for hearing on November 10, 1944. However, notice of hearing was not served on appellants' attorney until November 2nd. He moved to strike the motion from the calendar for lack of the ten days' notice required by the rules. Instead of striking the motion, the court continued it until November 24th. Due notice was given, and the matter regularly came on for decision on that date. Again, the court was lenient in the matter, but it did take steps looking to a prompt hearing of the appeal. The then chief justice entered the following order, and copies thereof were transmitted to the parties:

"IT IS ORDERED that the motion to dismiss the appeal be and the same is hereby denied.

"IT IS FURTHER ORDERED that appellants serve and file their brief on or before the 15th day of December, 1944.

"IT IS FURTHER ORDERED that this case be set down for argument during the January Term, 1945, at a date which will give respondents full thirty days to prepare their brief from and after the 15th day of December, 1944."

The appellants, in strict obedience to the terms of the order, filed their briefs on December 15th. The respondents filed theirs on January 11, 1945. The case was set for oral argument on February 6th. The appellants' reply brief was, under the rules, due on Thursday of the week preceding the hearing. It was not filed until Saturday of that week.

■ Now that we have arrived at the point where we are ready to examine the record, make our final decision, and embody it in a written opinion, we find that no statement of facts has ever been filed in this court. As this is an equity case, and also, because factual questions are raised by the appeal, we cannot decide the cause without such a statement. We do not even know whether or not a statement of facts has ever been certified. We do know, as already indicated, that none was certified during the first eighteen months after judgment.

It is probable that this cause is moot. It is not reasonable to suppose that the appellants would have voluntarily abstained from prosecuting their appeal for a period of more than two years if the conditions which induced them to bring this action for immediate and summary relief, by way of mandatory injunction, continued to obtain. At any rate, it may be fairly concluded that they have not been in any crying need of that summary relief which is the only relief the action seeks. However, we make no decision as to the merits. We cannot even speculate as to the probable merits, in the absence of a statement of facts.

■ The rules which the appellants have disregarded, and still disregard, were enacted to insure that appeals be brought on for hearing within a reasonable time. They have the same purpose, as to appeals brought to this court, as Rule 3 of Rules of Practice has with respect to actions instituted in the superior courts. This rule reads as follows:

"Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff or cross-complainant shall neglect to note the action for trial or hearing within one year after any issue of law or fact has

been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after notice to the adverse party." 18 Wn. (2d) 32-a.

The leniency with which the rules designed to expedite hearings on appeal have been applied, is in sharp contrast with the rigidity with which the above rule, designed to expedite trials in the superior courts, has been enforced, as may be seen by considering the cases cited under Rule 3, in 18 Wn. (2d) at the bottom of page 32-a. See, also, the recent decision in *Craig v. Clearwater Concentrating Co.*, 21 Wn. (2d) 530, 151 P. (2d) 828.

In the instant case, however, it is our opinion that we have arrived at the point where forbearance ceases to be a virtue. Since more than two years and four months have elapsed since this appeal was taken, and we have not even yet been furnished with a record that will enable us to render a decision on the questions therein raised, this appeal will, on the court's own motion, be dismissed. It is so ordered.

The respondents will recover their statutory, taxable costs.

BEALS, C. J., BLAKE, SIMPSON, and MALLERY, JJ., concur.

---

May 11, 1945. Petition for rehearing denied.