293 A.2d 509.

GERTRUDE STRASMICH *vs.* RALPH D. CUCULO, *Treasurer of the Town of North Providence et al.*

AUGUST 1, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J.   This is a civil action brought by Gertrude Strasmich against the town of North Providence to recover damages for injuries alleged to have been sustained when she tripped over an oblong-shaped metal insert in a sidewalk on Charles Street in that town on October 16, 1965. The instant action against Ralph Cuculo as Treasurer of the town of North Providence was filed on November 30, 1966. On February 9, 1971, the plaintiff filed an amended complaint joining therein the Valley Gas Company, hereinafter referred to as Valley, as a party defendant "* * * under Rule 21 of the Rhode Island [Superior Court] Rules of Civil Procedure by Order of the Superior Court dated February 1, 1971." Subsequently, the defendant Valley moved for a judgment on the pleadings on March 23, 1971, on the ground that the cause did not accrue to the plaintiff "* * * within two years next preceding the bringing of the action against this defendant." This motion of defendant Valley for a judgment on the pleadings was granted on May 28, 1971, and the plaintiff appealed therefrom.

On June 3, 1971, a second amended complaint was filed in the case and a further motion was passed upon by the court. However, this later motion has no bearing on the issue presented to this court for its opinion, that is, whether the court erred in granting the motion for judgment on the pleadings on May 28, 1971, on the theory that Super. R. Civ. P. 15(c) had no application in the circumstances of this case. Rule 15(c) provides for the relation back of an amendment to an original pleading to the date of that original pleading and this even though the statute of limitations has run.

There is substantial authority supporting the view that Rule 15(c) is intended to nullify the statute of limitations in circumstances which bring the amendment within the prerequisite conditions prescribed therein. In fact, the commentator in 1 Kent, *R. I. Civ. Prac.* §15.6, expressly states: "This provision is important only when the statute of limitations has run as to the subject of the amendment between the date of the original pleading and the date the amendment is sought. An amendment will relate back to the date of the original pleading even if it changes the theory of recovery or the type of relief sought; identity of the conduct, transaction, or occurrence is all that is required."[1]

The decision of the trial justice indicates that he reached his conclusion on the ground that the party to be joined had not during the period provided by law for commencing an action against it received such notice of the institution of

---

[1] Rule 15(c) reads as follows: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he would not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that but for a mistake the action would have been brought against him."

the action that it would not be prejudiced in maintaining its defense on the merits. It would appear that the trial justice was persuaded that whatever information defendant Valley had received as to plaintiff's injury was not adequate to serve as notice of the institution of the action against the town of North Providence. However, because we are of the opinion that there is a much more compelling reason for granting the motion for judgment on the pleading, we do not pass upon the validity of the ground apparently relied upon by the trial justice.

We refer to the second condition precedent to an application of the relation back of the amended pleading provision of the rule, which holds that the party to be added knew or should have known that "* * * but for a mistake the action would have been brought against [it]." In our opinion, under the facts of this case it has not been established that defendant Valley knew or should be charged with knowledge that but for a mistake on plaintiff's part the action would have been brought against it. The burden of showing knowledge on the part of the party to be brought in by amended pleading is on the plaintiff. *Laliberte* v. *Providence Redevelopment Agency,* 109 R. I. 565, 577, 288 A.2d 502, 509 (1972). We are constrained to conclude that plaintiff has not met this burden in that she has not established that the failure to bring a timely action against defendant, Valley was the result of a mistake on her part. That being so, we cannot charge defendant Valley with knowledge that but for a mistake the suit would have been brought against it.

The plaintiff alleges that she had been in communication with defendant Valley in January of 1967 and that she had been examined by a physician on behalf of defendant Valley on May 12, 1967. It is equally clear that despite communications with Valley she persisted in pressing her action against defendant town of North Providence until the eve of trial in 1971. At that time she apparently concluded to

join defendant Valley as a defendant in the pending action against the town of North Providence. On this record we cannot reasonably infer that plaintiff was mistaken as to the potential liability of defendant Valley. The only inference that we feel may reasonably be drawn from this record is that plaintiff had spent a considerable period of time in making an election whether to join Valley in the pending suit.

Without intending to extend this opinion unduly, it is clear that the object over which she tripped in the sidewalk was an oblong-shaped metal insert and that at an early point in time this insert had been identified as being at least potentially under the control of the defendant Valley. In short, then, we must conclude that the plaintiff was aware before the statute of limitations had run of the potential liability of the defendant Valley and that her failure to initiate an action against the defendant Valley within the two-year period was not the result of a mistake but of a deliberate election to press her suit against the defendant town of North Providence.

The appeal of the plaintiff is denied and dismissed, the judgment is affirmed, and the cause is remanded to the Superior Court for further proceedings.

*Gladstone & Zarlenga, Robert E. Davignon,* for plaintiff.

*John F. McDonough, William G. Gilroy,* for defendant.

*Keenan, Rice, Dolan & Reardon, John T. Keenan,* for Valley Gas Company.