[Nos. 9801–2–I; 9802–1–I.   Division One.   January 10, 1983.]

GEORGE MILLER, ET AL, *Appellants,* V. ISSAQUAH CORPORATION, ET AL, *Respondents.*

GEORGE MILLER, ET AL, *Appellants,* V. THE CITY OF ISSAQUAH, ET AL, *Respondents.*

*Thomas A. Wolfe, Stephen Crane,* and *Douglas S. Dunham,* for appellants.

*John A. Hackett* and *Ester Greenfield,* for respondents.

SCHOLFIELD, J.—George and Margaret Miller appeal two orders dismissing their petitions for writs of certiorari in which they requested review of the City of Issaquah's approval of a "short plat" of property abutting the Millers' property and over which the Millers own an easement for ingress and egress. The Miller petitions were dismissed on grounds of failure to comply with time limitations for service and filing and for failure to join an indispensable party. We reverse both dismissals.

In June 1980, the planning director for the City of Issaquah approved an application for a short plat filed by Marvin Mohl and Ruth Mohl, his wife (Mohl), and the Issaquah Corporation. Marvin Mohl is the president and registered agent of Issaquah Corporation. The registered office of the corporation is at the Mohls' personal residence.

On November 17, 1980, the Issaquah City Council denied the Millers' appeal and affirmed the decision of the planning director.

On December 10, a "Notice of Action" was published for the second time pursuant to RCW 43.21C.080.

On December 16, 1980, the Millers filed a petition for writ of certiorari, naming Mohl as owner of the property involved. The Issaquah Corporation was not named as a

defendant. Service of process on Mr. and Mrs. Mohl was perfected December 17, 1980, and the mayor of Issaquah was served December 18, 1980. A show cause order was obtained, and the matter came on for hearing in superior court on December 23, 1980.

At the hearing on December 23, the City of Issaquah made a motion to dismiss, contending that RCW 58.17.180 required service and filing of the petition within 30 days of the action to be reviewed. Since the City of Issaquah was served on the 31st day, the City argued that the Millers' petition should be dismissed.

Counsel for Mohl was present at the hearing and requested a dismissal on the ground that Issaquah Corporation was an indispensable party because it held the title to the real property involved.[1] The judge granted the motion to dismiss on both grounds, and an Order Granting Motion To Dismiss was signed and filed on December 23.

The Millers then moved for reconsideration and for leave to amend to add additional parties. These motions were heard and denied December 30, 1980.

On January 8, 1981, the Millers filed a second petition for writ of certiorari. This petition was substantially identical to the first petition. Both petitions alleged, among other things, a failure to comply with the State Environmental Policy Act of 1971, RCW 43.21C.

By filing the second petition, the Millers tried to make their action timely by complying with the 30–day time limit set forth in RCW 43.21C.080 applying to actions under the environmental policy act.

Following the filing of the second petition, the mayor of Issaquah was served January 8, and Issaquah Corporation was served January 9. A show cause hearing was then scheduled for January 16, and on that date a motion to dismiss the petition was granted on the ground that RCW 58.17.180 barred the action. Appeal to this court was filed

---

[1]This motion does not appear in the record, but the court's order reflects that it was heard.

the same day.

RCW 58.17.180 provides as follows:

Any decision approving or disapproving any plat shall be reviewable for unlawful, arbitrary, capricious or corrupt action or nonaction by writ of review before the superior court of the county in which such matter is pending. The action may be brought by any property owner in the city, town or county having jurisdiction, who deems himself aggrieved thereby: *Provided,* That application for a writ of review shall be made to the court within thirty days from any decision so to be reviewed. The cost of transcription of all records ordered certified by the court for such review shall be borne by the appellant.

The case of *North St. Ass'n v. Olympia,* 96 Wn.2d 359, 635 P.2d 721 (1981) was decided October 29, 1981, and considered the appeals in three cases where parties were not served until the 20– or 30–day filing periods established by ordinance or by RCW 58.17.180 had expired.[2] Orders of dismissal were entered in all three cases by trial judges who held that both the ordinance and RCW 58.17.180 required service and filing within the stated period.

■ In *North Street,* the court held that RCW 58.17.180 did not govern service of process and that service of process was governed by CR 3(a)[3] and RCW 4.16.170.[4] Thus, serv-

---

[2]One case in *North St. Ass'n v. Olympia* was decided on the basis of King County Code 20.24.210, which provided for a 20–day filing period. The other two cases were decided on the basis of the 30–day filing period provided in RCW 58.17.180.

[3]CR 3(a) provides:

"Except as provided in Rule 4.1, a civil action is commenced by service of a copy of a summons together with a copy of a complaint, as provided in Rule 4 or by filing a complaint. Upon written demand by any other party, the plaintiff instituting the action shall pay the filing fee and file the summons and complaint within 14 days after service of the demand or the service shall be void. An action shall not be deemed commenced for the purpose of tolling any statute of limitations except as provided in RCW 4.16.170."

[4]RCW 4.16.170 provides:

"For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever

ice of process could be effectuated within 90 days after filing of the application for the writ within the 30 days allowed by RCW 58.17.180.

*North Street* requires reversal of both orders of dismissal appealed by the Millers. The first petition was filed on December 16, 1980, which was within the 30 days allowed by RCW 58.17.180. Personal service was obtained on Mr. and Mrs. Mohl on December 17, which was also within the allowable 30 days. The Millers had 90 days from December 16 in which to complete service of process on the parties named in their petition. Therefore, service on the City of Issaquah on December 18 was timely and effective service.

Issaquah Corporation was not named as a defendant in the first petition. An affidavit filed on the date of the December 23 hearing stated that Mr. and Mrs. Mohl were neither applicants for the short plat nor owners of the property involved. Following entry on December 23 of the order dismissing the petition, the Millers sought leave to add the Issaquah Corporation, an indispensable party, as the holder of title to the land. As previously indicated, that *motion was denied on December 30, 1980.*

■ CR 15(c) governs the addition of parties after a statute of limitation has expired and provides for relation back of amendments to the date of the original pleading. CR 15(c) states:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing

---

occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations."

the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The literal requirements of CR 15(c) are met in this case. The requested amendment arises out of the approval of the plat. Issaquah Corporation had notice of the commencement of the action prior to expiration of the 30 days because Marvin Mohl, the president and registered agent of the corporation, was personally served with a copy of the petition on December 17, 1980 (the 30th day). We see no possible prejudice to the corporation under these circumstances. Issaquah Corporation and its agent, Mr. Mohl, had to be aware that the Millers intended to name the owner of the property as a defendant and, but for a mistake in properly identifying the owner, Issaquah Corporation would have been named in the original petition.

*North St. Ass'n v. Olympia, supra,* states at page 368, "The amended rule, however, still does not permit joinder if the plaintiff's delay is due to inexcusable neglect."

We have reservations about adding to a rule a requirement not suggested by the language of the rule. The cases cited in support are not persuasive. The requirements of fairness and absence of prejudice are met by the stated requirements of the rule. We conclude, however, that the Millers' mistaken belief that Mohl was the owner of the property and their lack of information as to the true interest of Issaquah Corporation were understandable and excusable under the circumstances of this case.

The record shows Mr. and Mrs. Mohl were actively involved in the presentation of the short plat application for the City of Issaquah.

In a memorandum dated October 5, 1979, from the Issaquah Public Works Department to the Planning Depart-

ment relative to the short plat application, it is referenced "Marvin Mohl Short Plat". The publication of the "Notice of Action by the City of Issaquah" relative to the short plat, states:

This notice is given on behalf of the Issaquah Corporation and Marvin and Ruth Mohl, the applicants.

The trial court's orders of December 23 and December 30 pertaining to the first petition are reversed, and the case is remanded with directions to permit amendment of the petition adding Issaquah Corporation as a defendant and to allow trial on the merits as to all defendants.

The second petition was filed by the Millers on January 8, 1981. This was not within 30 days of the approval of the plat but was within 30 days of the second publication of notice of action taken, which occurred on December 10, 1980. All necessary parties to that action were served within 30 days following December 10, 1980.

Our decision reinstating the first petition would appear to render the second petition moot and subject to dismissal on that ground as well as the ground that a party cannot have two actions pending on the same issue at the same time. However, it was filed within the time limits provided by RCW 43.21C.080.[5] The dismissal of the second petition was also erroneous and the order of dismissal dated January 16, 1981, is reversed.

DURHAM, A.C.J., and SWANSON, J., concur.

---

[5]RCW 43.21C.080 states, in pertinent part:

"(2)(a) Any action to set aside, enjoin, review, or otherwise challenge any such governmental action for which notice is given as provided in subsection (1) of this section on grounds of noncompliance with the provisions of this chapter shall be commenced within thirty days from the date of last newspaper publication of the notice pursuant to subsection (1) of this section, or be barred: . . ."