[No. 9993-1-I.   Division One.   June 27, 1983.]

WINNIFRED ANDERSON, *Appellant,* v. NORTHWEST
HANDLING SYSTEMS, INC., *Defendant,*
INTERLAKE, INC., ET AL,
*Respondents.*

*Breskin, Robbins, Bastian & Cohen, P.S.,* and *Howard B. Breskin,* for appellant.

*Laurence Weatherly, Robert Piper,* and *John Rayback,* for respondents.

RINGOLD, J.—Plaintiff Winnifred Anderson appeals the trial court's order dismissing additional defendants Interlake, Inc., d/b/a A.J. Bayer Company (Interlake) and

Robert Keener and Jane Doe Keener, d/b/a Northwest Erectors (Keener) from her action for personal injuries. We are presented with a single issue: Did the amendment of Anderson's complaint adding Interlake and Keener as defendants "relate back" to a time prior to the running of the statute of limitations? We answer in the negative and affirm.

Anderson was injured on June 16, 1976, when her foot was crushed by rollers in a conveyor machine at her place of employment. She brought an action against Northwest Handling, Inc., (Northwest) on August 18, 1978, alleging defective design, negligence, and breach of warranty with respect to the conveyor. On October 6, 1978, Northwest answered the complaint. On January 15, 1979, Northwest filed a third party complaint against Interlake and Keener, alleging design and fabrication of the conveyor by Interlake and installation by Keener, and praying for indemnification by those third party defendants for any amounts awarded to Anderson in the principal action. Anderson was served with a copy of the third party complaint the day it was filed. On May 14, 1979, Keener answered the third party complaint, counterclaimed against Northwest for indemnity, and cross–claimed against Interlake.

During 1979 and the first part of 1980, discovery took place between all four parties to the actions. Anderson made no attempt to add Interlake or Keener as parties defendant to her action against Northwest. The 3–year statute of limitations for a personal injury claim against Interlake or Keener terminated on June 16, 1979. RCW 4.16.080.

In April 1980, Keener moved for summary judgment of dismissal, claiming that Interlake had provided all the plans for installation of the conveyor machine. The trial court granted this motion on May 6, 1980, dismissing Keener from the third party action and ruling that Anderson, who was not a party to the third party action, had no standing to object to the summary judgment motion. Anderson did not appeal this ruling, nor did she attempt at

this time to join Keener as a defendant in her action against Northwest.

Pursuant to a stipulation with Interlake, Northwest moved for a voluntary nonsuit in its action against Interlake. The trial court on September 30, 1980, granted the motion and dismissed the third party complaint. Anderson did not have notice and did not participate in this aspect of the proceedings.

On November 13, 1980, Anderson moved for leave to amend her complaint to add Interlake and Keener as defendants in her action against Northwest, stating by affidavit of her attorney:

> CR 15(a) obviously permits an amendment to add these parties as party defendants and justice so requires such an amendment. Further CR 15(c) applies here. The adding of the parties should relate back to the filing of the original complaint. . . . [T]he parties should have known that, but for a mistake concerning the identity of the proper parties, the action would have been brought against them.

Neither Keener nor Interlake contested the motion to amend, which was granted by the trial court on December 3, 1980. The amended complaint was filed December 8, 1980.

Both Keener and Interlake then moved to dismiss the amended complaint pursuant to CR 12(b)(6) for failure to state a claim upon which relief can be granted, arguing that on the face of the complaint the claims against them were barred by the statute of limitations. On February 17, 1981, the trial court entered an order granting the motions of Interlake and Keener and dismissing Anderson's claim against them. On April 20, 1981, the trial court amended its earlier order to make it appealable in accord with RAP 2.2(c). *See also* CR 54(b). This appeal[1] followed.

---

[1] Interlake's motion to dismiss review or impose sanctions is denied. The record is not so large or complex that Anderson's failure to give page references caused any prejudice. *Barnes v. Washington Natural Gas Co.*, 22 Wn. App. 576, 577 n.1, 591 P.2d 461 (1979).

CR 15(c) reads:

**Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

■ An amendment adding a party following the running of the statute of limitations will relate back to the date of the original pleading if

(1) the amended pleading arose out of the transaction set forth in the original pleading; (2) the new party received notice of the action within the statute of limitations; (3) the new party has received such notice that he will not be prejudiced in maintaining a defense on the merits; and (4) the new party knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

*Lind v. Frick,* 15 Wn. App. 614, 616–17, 550 P.2d 709 (1976); CR 15(c). Here the first and second requirements are satisfied: the amended complaint alleges the same causes of action as the original complaint, only against different parties, and the new parties had notice of the original action, before the statute of limitations ran, by virtue of having received copies of the original complaint when they were served with Northwest's third party complaint. As designer–manufacturer and installer, respectively, Interlake and Keener should have known that they were potentially liable to Anderson for her injuries.

While being named third party defendants and receiving a copy of Anderson's claim may have put Interlake and

Keener on notice of the action, however, the nature of the notice here is not such as to inform them that, but for a mistake of identity on Anderson's part, the action would have been brought against them. The burden of proof is on the moving party to establish the conditions precedent to relation back of an amended pleading under CR 15(c). *See Strasmich v. Cuculo,* 110 R.I. 460, 293 A.2d 509 (1972). The record does not reflect any indication of a mistake as to the identity of the party or parties whom Anderson intended to sue.

Nothing in the record before us indicates that the plaintiff intended to pursue Keener or Interlake as primarily liable. Anderson's continued failure to join Interlake and Keener as parties defendant could only have led them reasonably to believe that she did not intend to bring an action against them for primary liability. Anderson thus has not satisfied the fourth requirement of *Lind v. Frick, supra,* or the second requirement of CR 15(c).

Anderson was aware of Interlake and Keener as potential defendants at least from the time they were made third party defendants by Northwest. Her failure to timely institute an action against them may have been a mistake, but it was not a mistake of identity such that CR 15(c) would allow addition of new defendants following the running of the statute of limitations.

Because the fourth requirement of *Lind v. Frick, supra,* has not been met, the court need not reach the questions of prejudice or inexcusable neglect. *See North St. Ass'n v. Olympia,* 96 Wn.2d 359, 635 P.2d 721 (1981); *Miller v. Issaquah Corp.,* 33 Wn. App. 641, 657 P.2d 334 (1983).

The order of dismissal is affirmed.

ANDERSEN, C.J., and CORBETT, J., concur.