975 P.2d 1055 (1999)
Brian BUNKO, Respondent,
v.
CITY OF PUYALLUP CIVIL SERVICE COMMISSION; City of Puyallup, Appellant.
No. 23246-4-II.
Court of Appeals of Washington, Division 2.
May 7, 1999.
As Amended June 3, 1999.
*1057 Leila Mills, Puyallup, for Appellant.
Hugh Joseph McGavick, Olympia, for Respondent.
William Louis Cameron, Kennewick, Daniel B. Heid, Lakewood, for Amicus Curiae Washington State Assoc. of Municipal Attorneys.
*1056 HUNT, J.
The City of Puyallup appeals reversal of its Civil Service Commission's order affirming Brian Bunko's employment termination from the City's police department. Holding that amendment of Bunko's notice of appeal was proper but that the Commission did not violate the statutory appearance of fairness doctrine, we reverse.

FACTS
On November 13, 1996, the City of Puyallup Police Department terminated Brian Bunko because he had engaged in sexual misconduct on the job and had violated Department sexual harassment policies. Bunko appealed to the City of Puyallup Civil Service Commission (the Commission).
On the second day of the hearing, Bunko moved to disqualify the commissioners, alleging they had violated the appearance of fairness doctrine by engaging in ex-parte communication with a key witness, Chief of Police Lockheed Reader. During a recess on the first day of testimony, Bunko's attorney had stepped out of the hearing room for less than a minute; when he returned, he observed Commissioner Vicino engaging in a cordial dialog with Chief Reader. Reader's father had recently passed away, and several of the commissioners offered their condolences. Also during that recess, Commissioner Hayashi thanked Reader for his help in selecting a personal firearm, and Commissioner Hansen told Reader that when he went to the police department to get an ID card, no one would help him so he had to return at a later date.
The Commission noted that the conversations between Reader and Commission members were unrelated to the matter at hand and that they had formed no opinion regarding the facts or merits of the case; they denied Bunko's motion. On March 25, 1997, the Commission affirmed Bunko's dismissal from the police department.
On April 17, 1997, Bunko filed a timely notice of appeal in Pierce County Superior Court, naming the City of Puyallup Civil Service Commission as respondent. Bunko based his notice of appeal on an allegation that the Commission did not act in good faith because it violated the appearance of fairness doctrine. The City of Puyallup's Human Resources Department received the notice of appeal on April 17, 1997.[1] The City's interim attorney, also serving as the Commission's attorney, certified the administrative record and transmitted it to the superior court on May 5, 1997.[2]
On June 10, 1997, Leila Mills called Bunko's attorney and said that she was the City of Pullayup's new attorney; the two attorneys *1058 appeared in court together on July 11, 1997, for a scheduling order. On September 15, 1997, the City attorney filed several documents with the court: (1) a motion to intervene, on behalf of the City of Pullayup Police Department; (2) a notice of appearance, on behalf of the police department, voluntarily appearing in the action through the City; and (3) a motion to dismiss the appeal because Bunko had failed to join the police department as a necessary party. On October 27, 1997, Bunko filed a motion to amend his notice of appeal to include the City as a party.
The court granted Bunko's motion to amend and the City's motion to intervene. The court allowed the amendment to relate back to the original date of filing the notice of appeal. The court also ruled that the Commission had violated the appearance of fairness doctrine, analogizing to the rule that jurors are not allowed to talk even cordially to parties or attorneys during the course of a trial.

ANALYSIS

I. NOTICE OF APPEAL

A. AMENDMENT
Absent a manifest abuse of discretion, we will not disturb a trial court's ruling on a motion to amend.[3] The party seeking relation back of an amendment must demonstrate compliance with CR 15(c) and that failure timely to amend was excusable.[4]
A party may amend pleadings once before a responsive pleading is served or otherwise by leave of the court, which "shall be freely given when justice so requires." CR 15(a). An amendment adding a party relates back to the date of the original pleading if: (1) the claim or defense asserted against the new party arose from the same transaction, occurrence, or conduct; (2) within the period provided by law to commence the action, the new party received some notice so that the party is not prejudiced; and (3) within the time to commence the action, the new party must have known that, but for a mistake concerning the identity of the proper party, the new party would have been joined.[5] CR 15(c). "The touchstone for denial of an amendment is the prejudice such amendment would cause the nonmoving party." Caruso, 100 Wash.2d at 350, 670 P.2d 240 (citations omitted). Lack of prejudice can be established when the parties have a "sufficient identity of interest so that it can be assumed, or proved, that relation back is not prejudicial." DeSantis v. Angela Merlino and Sons, Inc., 71 Wash.2d 222, 224, 427 P.2d 728 (1967).
Once a party meets the notice and prejudice requirements of CR 15(c), relation back does not contravene fundamental notions of fairness. Haberman v. Washington Pub. Power Supply Sys., 109 Wash.2d 107, 173, 744 P.2d 1032, 750 P.2d 254 (1987). But when adding a defendant by amendment, the moving party must also show that its failure to name the party was by excusable neglect. Haberman, 109 Wash.2d at 174, 744 P.2d 1032.
The City claims: It is a necessary party to the appeal, but it was neither named nor served with the notice of appeal; therefore, because notice of appeal must be served upon the parties within 30 days, failure to do so precludes Bunko's appeal. Bunko conceded the City was a necessary party and attempted to cure his omission by seeking to *1059 amend the notice of appeal to add the City as a party.[6]

B. ACTUAL NOTICE TO CITY
RCW 41.12.090 controls superior court review of Civil Service Commission rulings:
[A]ppeal shall be taken by serving the commission, within thirty days after the entry of such judgment or order, a written notice of appeal, stating the grounds thereof, and demanding that a certified transcript of the record and of all papers on file in the office of the commission affecting or relating to such judgment or order, be filed by the commission with such court.
(Emphasis added.) "The commission shall be represented in such suits by the chief legal officer of the city...." RCW 41.12.140.
Here, the interim city attorney worked with the Commission by acting as hearing examiner during Bunko's termination hearing. Bunko instituted the appeal by serving the Commission on April 17, 1997, 21 days after the Commission's ruling on March 27, 1997. The interim city attorney certified and transmitted the administrative record of the Commission to the superior court on May 5, 1997. Thus, both the City and the city attorney had actual notice of the appeal within the time required by RCW 41.12.090.

C. IDENTITY OF INTERESTNO PREJUDICE
Bunko's original notice of appeal was captioned "Brian Bunko v. City of Puyallup Civil Service Commission." Service on a city is accomplished by serving either the mayor, the city manager, or their respective agents. RCW 4.28.080(2). Bunko served the Commission through the City's Human Resources Department. The City attorney responded to the appeal.
The City claims the Commission has no legal interest in the superior court outcome and cannot present the City's case or represent its interest in the appeal.[7] But the Commission has full power to enforce its rulings in superior court through the City attorney, the Commission's statutory legal representative. RCW 41.12.140. Because both the City and the Commission seek to preserve the Commission's ruling, they have an identity of interest. Prejudice is the touchstone of relation back; identity of interest is one way to assume, or to prove, "that relation back is not prejudicial." DeSantis, 71 Wash.2d at 224, 427 P.2d 728. The City has failed to demonstrate prejudice. We hold that relation back of the amended notice of appeal is not prejudicial.

D. EXCUSABLE NEGLECT
Bunko thought he had properly included the City as a party to the appeal because he instituted the appeal by serving the Commission, in compliance with RCW 41.12.090, and the City attorney responded. Once Bunko learned the City was not properly included, he sought to amend his notice of appeal. The superior court did not abuse its discretion by finding excusable neglect on the part of Bunko.
We hold that: (1) the City had actual notice within the time for commencing the appeal; (2) the City should have known that, but for mistake, it would have been named in the notice of appeal; (3) the City demonstrates no prejudice resulting from its subsequent joinder in the appeal; (4) Bunko's failure originally to include the City as a party to the appeal was excusable neglect; and (5) the superior court did not abuse its *1060 discretion by allowing Bunko to amend his notice of appeal to include the City as a named respondent.

II. REVIEW OF COMMISSION'S ORDER

A. THE APPEARANCE OF FAIRNESS DOCTRINE
RCW 42.36.060 provides:
During the pendency of any quasi-judicial proceeding, no member of a decision-making body may engage in ex parte communications with opponents or proponents with respect to the proposal which is the subject of the proceeding unless that person:
(1) Places on the record the substance of any written or oral ex parte communications concerning the decision of action; and
(2) Provides that a public announcement of the content of the communication and of the parties' rights to rebut the substance of the communication shall be made at each hearing where action is considered or taken on the subject to which the communication related. This prohibition does not preclude a member of a decision-making body from seeking in a public hearing specific information or data from such parties relative to the decision if both the request and the results are a part of the record. Nor does such prohibition preclude correspondence between a citizen and his or her elected official if any such correspondence is made a part of the record when it pertains to the subject matter of a quasi-judicial proceeding.
The appearance of fairness doctrine protects public confidence in quasi-judicial proceedings. The test is "[w]ould a disinterested person, having been apprised of the totality of a [commissioner's] personal interest in a matter being acted upon, be reasonably justified in thinking that partiality may exist[.]" Swift v. Island County, 87 Wash.2d 348, 361, 552 P.2d 175 (1976). The party asserting a violation of the doctrine must produce sufficient evidence demonstrating bias, such as personal or pecuniary interest on the part of commissioner; mere speculation is not enough. Sherman v. Moloney, 106 Wash.2d 873, 883-84, 725 P.2d 966 (1986); City of Lake Forest Park v. Shorelines Hearings Bd., 76 Wash.App. 212, 217, 884 P.2d 614 (1994).

B. ARBITRARY AND CAPRICIOUS
Bunko bases his appearance of fairness challenge on three commissioners' spontaneous innocuous conversations with police chief Reader during a recess in an open hearing. But Bunko has provided no evidence of actual or apparent bias. The record does not show that any commissioner had a personal or pecuniary interest in the outcome of Bunko's hearing. Spontaneous condolences to Reader over his father's death do not demonstrate bias for the police department or against Bunko. Thanking Reader for advice in purchasing a personal firearm suggests a personal relationship between that commissioner and Chief Reader and might raise questions about the appearance of fairness, but does not violate the statute. But that remark is to some extent offset by another commissioner's complaint to Chief Reader about the police department's inefficient operation, which tends to show bias, if any, against the police department, not against Bunko. None of these conversations were related to the merits of the matter before the Commission; nor has Bunko demonstrated that any commissioner had a personal stake in the outcome of the hearing.
Noting that jurors are precluded from even cordial conversations with parties, judges, and counsel, the superior court applied this standard to the facts at hand and ruled that the Commission had violated the appearance of fairness doctrine. We commend the superior court's sense of fairness; the conversations at issue here could suggest partiality to a litigant. Swift, 87 Wash.2d at 361, 552 P.2d 175. But partiality is only part of the test in assessing appearance of fairness violations by a quasi-judicial commission.
The Legislature has prescribed a second factor, that the communication must concern "the proposal which is the subject of that proceeding." RCW 42.36.060. This factor is lacking here; the communications did not pertain to Bunko's wrongful termination appeal.[8] *1061 The Legislature has set a standard of appearance of fairness for quasi-judicial commissions that differs from that applied to courts; and it is for the Legislature, not the courts, to change that standard if it sees fit. We cannot say that the comments at issue here violated that standard.
The City complains that the superior court applied the wrong standard to its review of the Commission's order, substituting its judgment for that of the Commission. Under RCW 41.12.090, the superior court is limited to reviewing whether the Commission acted in good faith for cause.[9] We agree with the City that the superior court erred in remanding without first finding that the Commission acted "arbitrarily, capriciously, or upon an inherently wrong basis" involving "willful and unreasoning action in disregard of the facts and circumstances." In the Matter of the Appeal of Butner, 39 Wash.App. 408, 411, 693 P.2d 733 (1985); see also Benavides v. Civil Service Comm'n, 26 Wash.App. 531, 534, 613 P.2d 807 (1980). The administrative record supports the Commission's order upholding Bunko's termination from employment with the police department. We therefore reverse the superior court and affirm the commission.
HOUGHTON, J., and ARMSTRONG, A.C.J., concur.
NOTES
[1] According to the city attorney, Human Resources is administratively connected to the Commission.
[2] Bunko's employer, the Puyallup Police Department, was represented by separate legal counsel during the Civil Service proceedings.
[3] Caruso v. Local Union No. 690 of Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of America, 100 Wash.2d 343, 351, 670 P.2d 240 (1983), citing Appliance Buyers Credit Corp. v. Upton, 65 Wash.2d 793, 399 P.2d 587 (1965); Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Foothills Dev. Co. v. Clark County Bd. of Comm'rs, 46 Wash.App. 369, 373, 730 P.2d 1369 (1986).
[4] Foothills. 46 Wash.App. at 375, 730 P.2d 1369, citing Anderson v. Northwest Handling Sys., Inc., 35 Wash.App. 187, 191, 665 P.2d 449 (1983); Woodcrest Inv. Corp. v. Skagit County, 39 Wash. App. 622, 626, 694 P.2d 705 (1985); North St. Ass'n v. Olympia, 96 Wash.2d 359, 369, 635 P.2d 721 (1981) overruled on other grounds Sidis v. Brodie/Dohrmann, Inc., 117 Wash.2d 325, 815 P.2d 781 (1991).
[5] Relation back with regard to a party is critical when the party is "necessary" under CR 19 and the pertinent statute of limitations has expired; here the parties concede the City is a necessary party.
[6] Although not argued by the parties, the doctrine of relation back also applies where a plaintiff serves a party after the applicable statute of limitations has run, if one proper defendant was served within the limitations period. RCW 4.16.170; Sidis, 117 Wash.2d 325, 815 P.2d 781.

Under Sidis, as long as the action is timely pursued and a party is omitted by excusable neglect, the statute of limitations is tolled. Here, under RCW 41.12.090, the applicable statute of limitations was 30 days and the Commission was properly served within that time. Bunko's failure to name the City was excusable; thus, the City is properly addressed as a party because the Commission was served within the statutory period.
[7] But we note that the City attorney, Leila Mills, sought review in this court on behalf of both the City of Puyallup Civil Service Commission and the City of Puyallup. Washington Court of Appeals, Division II; spindle, notice of appeal.
[8] Moreover, the statute provides a cure for ex parte communications concerning the proposal: (1) placing the substance of the communication on the record, as was done here; and (2) a public announcement of the contact and the parties' right to rebut. RCW 42.36.060.
[9] Review "shall be confined to the determination of whether the judgment or order or removal, discharge, demotion or suspension made by the commission, was or was not made in good faith for cause, and no appeal to such court shall be taken except upon such ground or grounds." RCW 41.12.090.