THE STATE OF NEW JERSEY, EX REL. ROBERT H. Mc-
CARTER, ATTORNEY-GENERAL, RELATOR, v. THE
BOARD OF EDUCATION OF THE BOROUGH OF BRAD-
LEY BEACH.

Argued November 9, 1905—Decided February 26, 1906.

The territory comprising the corporate limits of the borough of Brad-
ley Beach at the time of the passage of the General School act
of October 19th, 1903, constituted a separate school district, and
that borough and the township of Neptune were not constituted
a consolidated school district by the supplement to the General
School law of 1903, passed March 28th, 1904.

On demurrer to information for a *quo warranto.*

Before Justices FORT, GARRETSON and REED.

For the relator, *Ruliff V. Lawrence* and *Robert H. Mc-
Carter,* attorney-general.

For the defendant, *James D. Carton* and *Frank Durand.*

The opinion of the court was delivered by

FORT, J. The information filed in this case is to inquire
by what right or authority the defendant claims to hold, use,
execute and enjoy the franchises of a municipal body cor-
porate.

The borough of Bradley Beach is an independent munici-
pality, existing under the General Borough act of 1897.
*Pamph. L., p.* 285. The borough was incorporated in 1893
from the territory of Neptune township, in the county of
Monmouth, under the Borough act of 1891. *Pamph. L., p.*
280. The last act was declared unconstitutional, and Brad-
ley Beach was a *de facto* municipality when the saving act
of 1896 was passed (*Pamph. L., p.* 339), and, in 1897, by
express provision of the General Borough act, *"ostensible or
de facto"* borough corporations were brought under that act

and are governed by it. *Pamph. L.* 1897, *p.* 285, §§ 96, 97. *Smith* v. *Hightstown*, 42 *Vroom* 536.

Bradley Beach was therefore a legally-existing borough when the School act of October 19th, 1903, was passed. *Pamph. L.* 1904, *p.* 5.

Whether Bradley Beach borough became a separate school district by its incorporation, in 1893, under section 24 of the General School act of March 27th, 1874, it is not necessary to determine. *Revision of* 1877, *p.* 1074. It might be said, in passing, that section 24 of the General School law of 1874 did make each incorporated city or town a school district, and that if the word "town" in that section should be held to embrace all local municipal governments, other than counties, of course boroughs would then, under it, constitute separate school districts. But the supplement to the act of March 27th, 1874, which was passed May 25th, 1894 (*Pamph. L., p.* 506), did specifically create each city, borough and incorporated town a separate school district. *Gen. Stat.* 1895, *p.* 3061, § 24. This act was passed shortly after the borough of Bradley Beach was incorporated and unquestionably created it a separate school district. The twenty-fourth section of this act contained a provision for the consolidation of school districts that were independent municipalities, through a vote of the legal voters, but it is not claimed that any such consolidating proposition was ever submitted to the legal voters of Bradley Beach after its incorporation in 1893.

It is contended, however, that, irrespective of the act of 1874, the borough of Bradley Beach became a part of Neptune township school district under the terms of section 3 of the supplement to the School act of 1895, which provided that "each city, borough and incorporated town, acting under the provisions of this act, which contains less than four hundred children between the ages of five and eighteen years, shall be a part of the township school district in which said city, borough or incorporated town is situated." *Pamph. L.* 1895, *p.* 503.

It is not disputed that Bradley Beach borough had not, in 1895, and has not now, four hundred children of school age.

If the above quotation from the act were all of the act, this question would be free from doubt; but it is not. Section 3 contains this clause, just following the above quotation: "Nothing in this section, however, shall be construed as abolishing any school district now legally constituted, notwithstanding such district contains less than four hundred children between the ages of five and eighteen years, but each of said districts shall remain and be a separate school district until consolidated with an adjoining district as hereinafter provided; *provided further,* that this section shall not apply to any district acting under a special charter, or whose boundaries are fixed by special act incorporating said district; *and further provided,* that nothing in this section shall apply to any city, borough or incorporated town or proposed city, borough or incorporated town, where proceedings are now pending for the incorporation of the same."

We will not consider the first question which naturally suggests itself, namely, is not this act unconstitutional because of the exceptions which would seem to make it special, but will treat it as a valid act. Of course, if it be unconstitutional, the act of 1894, *supra,* is the only act applicable, prior to the General School law of 1903, of which hereafter.

Treating the act of 1895 as valid, it seems not to apply to the borough of Bradley Beach, as that borough by its incorporation became a separate school district, and was therefore, by the act of 1894, if not by the General School law of 1874, a legally-constituted school district at the time the act of 1895 was passed. A legally-constituted school district is the territory erected into a school district by operation of law. The board of education do not constitute the district. That is merely the method provided for its government—the machinery for managing the schools in the district.

As the borough of Bradley Beach was a legally-constituted school district when the act of March 22d, 1895, was passed, it was not abolished by the third section of that act.

The act of 1894 was in force when the General Borough act of 1897 was passed, as was also the act of 1895, if constitutional, and the act of 1897 validated the borough of

Bradley Beach as a *de facto* corporation, and declared it should "retain, hold, possess and enjoy and be absolutely invested with all the rights and property heretofore possessed and enjoyed by such borough." *Pamph. L.* 1897, *p.* 285, § 96.

This brings us to the General School law of 1903. *Pamph. L.* 1904, *p.* 5. By section 32 of that act it is expressly enacted that "each township, city, incorporated town and borough shall be a separate school district, but each incorporated village shall remain and be a part of the school district in which such incorporated village shall be situated at the time of its incorporation." This act, therefore, does not change the Bradley Beach situation, but confirms it.

The last contention is that a supplement to the General School act of 1903, approved March 28th, 1904, has created Bradley Beach and Neptune township as a consolidated school district. *Pamph. L.* 1904, *p.* 272.

This act, it is contended, is unconstitutional, and I am quite at a loss to see how it can be sustained, even under the theory suggested in *Howe* v. *Board of Education,* 43 *Vroom* 158. But, whether this act is or is not unconstitutional, we do not deem it necessary to decide, as we think the act is not applicable to the borough of Bradley Beach. The act by its express terms makes it necessary, for it to apply to any school district, that said district shall have, prior to the passage of the General School act of 1903, comprised the territory of two adjoining municipalities. It is clear from the above review of the statutory legislation upon this subject that the school district of the township of Neptune did not legally, at the time of the passage of the General School act of October 19th, 1903, comprise the territory of Bradley Beach as well as Neptune township, and hence did not comprise the territory of two adjoining municipalities, within the terms of the act of March 28th, 1904, *supra.*

The demurrer is sustained.