THE STEVENS-DAVIS COMPANY, A BODY CORPORATE, PLAINTIFF-APPELLEE, v. PEERLESS SERVICE LAUNDRY, DEFENDANT-APPELLANT.

Argued October 3, 1933—Decided February 7, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the defendant-appellant, *Benjamin B. Smith.*

For the plaintiff-appellee, *Harry R. Cooper.*

The opinion of the court was delivered by

PERSKIE, J.   This appeal brings up for review a judgment rendered in favor of the plaintiff-appellee and against the defendant-appellant.

The facts contained in the agreed state of case disclose that an action was brought against the appellant by the appellee, to recover the sum of $226.20 upon a subscription agreement. Under this agreement, the appellant subscribed for certain advertising material to be furnished by the appellee.   The agreement provided that the appellant was to pay the sum of $4.35 per lot for each of fifty-two weekly lots to be billed and payable in twelve equal consecutive monthly installments, beginning ten days from the date of shipment.   The agreement contained, in addition, the following clause:   "If not paid as due, the entire balance shall become due and payable."   This agreement was signed by Isaac S. Pack, who the testimony disclosed was the president of the Peerless Service Laundry, Incorporated, a New Jersey corporation.

At the trial the court below permitted the appellee to amend the summons and complaint so as to read "Peerless Service Laundry, Incorporated," a body corporate, in place of "Peerless Service Laundry," as appeared in the original summons and complaint.   Appellant objected to this.   At the close of the testimony the trial judge entered a judgment in favor of the appellee and against the appellant, Peerless Service Laundry, Incorporated.

Appellant has filed a notice of appeal setting forth nine points with which it is dissatisfied with the determination and direction of the trial judge.   In the brief filed with this court, only three of these points are treated.   We therefore consider the other points as abandoned.   *Sargeant Bros.* v. *Brancati,* 107 *N. J. L.* 184.

Appellant's first objection is that appellee is a foreign corporation, and therefore not authorized to transact business in this state. This objection is answered by the decision of the Court of Errors and Appeals in the case of *Wood & Selick, Inc.,* v. *American Grocery Co.,* 96 *N. J. L.* 218, in which Mr. Justice Minturn held (at *p.* 220) :

"In harmony with this basic doctrine are the adjudications in this state that when an order is signed by the vendee in this state, and then transmitted to the foreign corporation in another state, for acceptance or rejection, and is there accepted, the contract by such act is consummated in the foreign state. *Slaytor Jennings Co.* v. *Paper Box Co.,* 69 *N. J. L.* 214; *Faxon* v. *Lovett Co.,* 60 *Id.* 128; *Bell Telephone Co.* v. *Galen Hall, supra; Low* v. *Davy,* 83 *N..J. L.* 540; *Falaenau* v. *Reliance Steel Foundry,* 74 *N. J. Eq.* 325."

We are of the opinion that it was open to the District Court judge to find that the contract between the parties was finally consummated at Chicago, Illinois, where the contract was forwarded in order to receive the approval of the home office of the appellee. Inasmuch as the agreement signed by the appellant in this state was nothing more than an offer, until it received the approval required at Chicago, it cannot be said that the contract was consummated in this state. The signing of the subscription alone cannot therefore be considered as violative of our Corporation act prohibiting unauthorized foreign corporations from doing business in our state.

We are likewise of the opinion that no error was committed by the trial judge in permitting the summons and complaint to be amended from "Peerless Service Laundry" to "Peerless Service Laundry, Incorporated." If the appellee had originally instituted its suit against Isaac S. Pack, trading as "Peerless Service Laundry," then it might be argued that the amendment would have been improper because under that set of facts, by the amendment, a new and distinct person would be substituted as defendant in place of an existing one. However, this was not the case in the facts before us. The original subscription was taken in the name of "Peerless Service Laundry" and this name was signed by Isaac S. Pack.

The amendment merely permitted the correct corporate title to be substituted. We think the amendment was proper and inasmuch as the advancement of justice required it, in the peculiar circumstances in this case, we see no abuse of discretion by the trial judge. No substantial rights of the appellant were injuriously affected thereby.

The third point raised on this appeal is that the trial court erred in awarding judgment to the appellee for the full amount of the contract price. We are of the opinion that the measure of damages applied by the trial court was correct.

The cases cited by the appellant are not applicable to the instant case, because the contract herein contained the proviso that if the monthly installments were not paid as due, the entire balance would become due and payable. In other words, the contract itself provided that in case of a default, the entire balance of the contract price would be due and payable immediately. The parties in this fashion, set between themselves the measure of damages to be applied; namely, the balance due under the contract. The case of *Head* v. *Theis,* 106 *N. J. L.* 281, is authority for the measure of damages applied in these type of cases. In that case Mr. Justice Parker held:

"The next point is that the court rejected questions to plaintiff on cross-examination, tending to show what had been saved in food and cost of incidentals by the son not having been at the school; and that the court refused to enter judgment for nominal damages because of lack of such proof. This argument is based on the line of cases typified by *Kehoe* v. *Rutherford,* 56 *N. J. L.* 23; *Wilson* v. *Borden,* 68 *Id.* 627, &c.; but those cases are inapplicable because as we read the contract as contained in the catalogue and entry blank, the damages in case of notice of withdrawal before December 1st are stipulated at half the annual fee."

See, also, *Alexander Hamilton Institute* v. *Calkins,* (*Supreme Court*), 112 *N. J. L.* 170.

Appellant could, of course, insist that it was the duty of the appellee to minimize the damages, which could only have been done in this case by a resale of the advertising services to

some other person who might have use therefor. In order, however, to take advantage of this principle, it was incumbent upon the appellant to prove that the damages might have been mitigated, inasmuch as it was guilty of the breach of contract. *Ramsay* v. *Perth Amboy Shipbuilding and Engineering Co.,* 72 *N. J. Eq.* 165.

Appellant having failed to put in this necessary proof it cannot now complain of the measure of damages set by the trial judge.

The judgment below will therefore be affirmed, with costs.