Essex County Court of Common Pleas.

ANGELO FALCONE, AS ADMINISTRATOR AD PROSEQUEN-
DUM OF MARGARET FALCONE, DECEASED, PLAIN-
TIFF, v. BOARD OF EDUCATION OF NEWARK IN THE
COUNTY OF ESSEX, A BODY CORPORATE, DEFEND-
ANT.

Decided March 2, 1939.

For the plaintiff, *Milton M. Unger* (*Sidney L. Seiler*).

For the defendant, *Charles M. Myers*.

HARTSHORNE, C. P. J.  The question here is, how far the
public school system of the state is, as such, liable for injuries
to the person.

The complaint herein, in two counts, alleges, in substance,
that on January 16th, 1936, while plaintiff's intestate, a girl,
was using a washroom and lavatory in a public school building
on a school playground, in Newark, a slate slab, which acted
as a screen, fell upon the girl, as the result of which she died.
The complaint further alleges that this slab was both erected
and maintained improperly, so as to constitute a place of
danger, same constituting acts of positive misfeasance.
Defendant now moves to strike the complaint.  Defendant
annexes affidavits to its motion, showing that the girl was
climbing on this slab when it fell.  But even assuming these
affidavits can be now considered, the age of the girl, in the
absence of further facts, renders her contributory negligence
a jury question.

The real question is as to the effect of the statute providing,
"No county, municipality, or school district shall be liable
for injury to the person, from the use of any public grounds,

buildings, or structures, any law to the contrary notwithstanding." *Pamph. L.* 1933, *ch.* 460, *p.* 1550. This statute is carried over into the Revised Statutes (*R. S.* 18:5-30; 40:9-2). The reason for the enactment of this short, and apparently quite explicit, statute is not far to seek.

At the common law, the liability of municipal corporations, for the acts of their officers and agents, has given rise not only to a large amount of litigation, but to some fine distinctions. Furthermore, the application of these principles to the facts of the various cases, has given rise to "hardships and difficulties." *Hammond* v. *County of Monmouth,* 117 *N. J. L.* 11; 186 *Atl. Rep.* 452; *Allas* v. *Rumson,* 115 *N. J. L.* 593; 181 *Atl. Rep.* 175. In the latter case, the court says, "There is some confusion in the adjudicated cases  *  *  *, and the line of demarcation is not always clearly maintained. The difficulty usually lies in the application of the principle to the facts of the particular case." Reduced to lowest terms, the principle apparently is, that a municipal corporation is not liable for the negligent acts of its agents, resulting in a common, indictable, nuisance, except where (a) there has been active wrongdoing, as distinguished from mere negligence, or (b) the municipal function, in the course of which the injury has arisen, has been proprietary, rather than governmental, in its nature. It would be a work of supererogation to go further, or to attempt to show the difficulty which the courts themselves have had in applying these very rules. The Allas case, *supra,* which arose prior to the 1933 act, in the course of a lengthy opinion, makes this sufficiently clear.

From the above, it is evident that the legislature, in enacting the above statute, intended to clarify and simplify this complicated legal situation, at least as far as injuries to the person were concerned. It was, apparently, the legislative belief that public policy would be better served by imposing responsibility for wrongful injuries to the person, solely upon the individuals who committed these wrongful acts, and not also upon the public body itself. The legislature, doubtless, felt that the liability of this public body to indictment, was a sufficient curb upon such public officials, and that the public as a whole should not be penalized. Indeed, from a practical standpoint, the effect of the act upon the persons injured,

in so far as our public school system is concerned, has been but small. For while at the present time, if the statute means what it apparently says, the action must be brought only against the individual who is directly to blame, plaintiff's recovery is not limited by the pecuniary responsibility of that individual. For plaintiff has been assured of an additional responsibility equivalent to that of the municipal corporation itself. *Pamph. L.* 1938, *ch.* 311. See, also, *R. S.* 18:5-50.2, 50.3.

But be that as it may, no court can pass upon the economic wisdom of a legislative act. Indeed, no court has any option, but to enforce the clearly expressed will of the people's elected representatives, the legislature. And, surely, no language could be clearer than the simple words of the 1933 act. That such act was intended to modify the common law, is further clear, not only from the generality of its language, but from the fact that such law is to apply, "any law to the contrary notwithstanding."

Nevertheless, in their endeavor not to overrule the common law principles unnecessarily, the courts have found two exceptions to the statute. It has been held that personal injuries, arising from the use of streets and public ways, are not covered by the statute, since such streets or ways are not "public grounds, buildings or structures." *Hammond* v. *County of Monmouth, supra; Cohen* v. *Morristown,* 15 *N. J. Mis. R.* 288; 190 *Atl. Rep.* 851; *Selph* v. *Morristown,* 16 *N. J. Mis. R.* 19; 195 *Atl. Rep.* 862 It has been further held that the act does not apply when the injury arises from the performance by the municipality of a proprietary, as distinguished from a governmental, function. This result is spelled out of the fact that it is "public grounds, buildings, or structures," and not those of a private nature, to which the statute applies. Accordingly, a municipality remains liable for injuries arising in the conduct of a football game, to which an admission fee is charged. *Leeds* v. *Atlantic City,* 13 *N. J. Mis. R.* 868; 181 *Atl. Rep.* 892.

But in the present case, we are not concerned with streets or ways, but with a public building and structure, erected by a public school on a public school playground. And the function, there being performed by the public school, is

definitely not proprietary, but governmental. For the New Jersey Constitution itself prescribes that, "the legislature shall provide for the maintenance and support of a thorough and efficient system of free public schools for the instruction of all the children in this state between the ages of five and eighteen years." New Jersey Constitution, article IV, section VII, subsection 6.

Plaintiff raises a further point in the attempt to avoid the pervasive force of the statute. He argues that the defendant, the "Board of Education of Newark, in the County of Essex," is not a "school district." That this suggestion is thin, is obvious at first glance. And further consideration but confirms this view. For while the statutes repeatedly refer to school districts, almost the entire title, "Education," in the Revised Statutes being concerned therewith (title 18), no school district exists which, as a legal entity, is subject to suit. The words "school district" constitute but a generic term, conveniently used to designate the territory within which school lands and buildings are grouped. *Attorney-General* v. *Board of Education, 73 N. J. L.* 301; *63 Atl. Rep.* 93. However, the title to these lands and buildings is not in the "district," but in the "Board of Education." In addition, this board not only holds title to all the property of the district, out of which any possible judgment must be paid, and is in sole charge of its maintenance and control, but the "Board of Education" is the entity to sue and to be sued, in regard to such "public grounds, buildings, and structures." *R. S.* 18:6-15, 16, 18, 23; *R. S.* 18:7-59, 72. In other words, the only possible way in which the public school system of the city of Newark, which is termed, for convenience, the Newark school district, can be held "liable for the injury" in question, is by this very suit against this very defendant.

Either, then, the legislature intended that no such suit as this should lie against this defendant, or its use of the words "school district" in the statute in question were utterly meaningless, and must be held entirely nugatory. This court has no more right to adopt such an unreasonable construction than it has to question the policy of the act itself.

The complaint must be stricken.