737 A.2d 1151 (1999)
325 N.J. Super. 98
Ann Elizabeth OTCHY and Michael Otchy, her husband, Plaintiffs-Appellants,
v.
CITY OF ELIZABETH BOARD OF EDUCATION, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued September 15, 1999.
Decided October 15, 1999.
*1152 Amirali Y. Haidri, Union, for plaintiffs-appellants (Mr. Haidri, attorney; Michael Agnello, on the brief).
Paul J. Soderman, West Orange, for defendant-respondent (Zucker, Facher & *1153 Zucker, attorneys; Mr. Soderman, on the brief).
Before Judges BAIME, BROCHIN and EICHEN.
The opinion of the court was delivered by EICHEN, J.A.D.
Plaintiffs Ann Elizabeth Otchy and Michael Otchy, her husband,[1] appeal from an order dismissing their complaint against defendant Elizabeth Board of Education (the Board) brought under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to -12-3 (the Act) on the ground that the statute of limitations[2] barred the action. The court determined that the relation-back rule, R. 4:9-3, could not save the action, and that plaintiffs' bankruptcy did not extend the statute or suspend its running. We affirm.
The facts surrounding this appeal are uncomplicated. On September 22, 1995, plaintiff allegedly fell on a sidewalk abutting the Elizabeth High School. On November 20, 1995, Otchy served a notice of claim on the Clerk of the Board pursuant to N.J.S.A. 59:8-3 and -4. Following its investigation, by letter dated September 3, 1996, the Board's insurance company advised plaintiffs' counsel it was rejecting the claim. A few months later, on November 6, 1996, plaintiffs filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code.
On December 16, 1996, plaintiffs' counsel received a letter from the trustee in bankruptcy pointing out that plaintiff's personal injury claim was an asset of the estate, and requested information concerning the claim. In the letter, the trustee cautioned, among other things, that counsel could not represent plaintiff in any action brought to recover personal injury damages, or settle the claim without his consent, but that if the trustee determined the claim had no value to the estate, he would advise counsel of his intention to abandon the estate's interest in it.[3]
On February 18, 1997, plaintiffs received a discharge of their liabilities from the bankruptcy court. Seven months later, on September 17, 1997, three days before the limitations period was to expire, plaintiffs' counsel contacted the trustee in bankruptcy concerning the status of the claim, and was allegedly advised that the bankruptcy case was "virtually closed" and that "[counsel] could proceed."
On September 19, 1997, plaintiffs' counsel filed a complaint against the City of Elizabeth (the City) and various "John Does" alleging that plaintiff fell on a sidewalk abutting the Elizabeth High School. The complaint also alleged that the property was owned, maintained, and controlled by the City, and that the City's negligence caused plaintiff to sustain serious injuries. The record reflects that the property is not owned by the City, but by the Board. Certifications filed by plaintiff and her counsel indicate that they did not specifically name the Board as a defendant in the complaint because they believed the Board was not a separate legal entity, but was part of the City, and, therefore, naming the Board was unnecessary.
By order entered on January 23, 1998, the Law Division granted the City's motion to dismiss the complaint on the ground that Otchy had failed to serve a notice of claim on the City as required by N.J.S.A. 59:8-3 and 4, but granted plaintiffs' cross-motion for leave to file an amended complaint adding the Board as a party defendant.
On April 3, 1998, the Board moved successfully to dismiss plaintiffs' complaint on *1154 the ground that the statute of limitations had run. In granting the motion, the court determined that the mistaken belief of plaintiff or plaintiff's counsel that the City was the proper legal entity to sue did not justify application of the relation-back doctrine under R. 4:9-3 to defeat the limitations bar. The court also concluded that the Bankruptcy Code, 11 U.S.C. § 108(a), did not extend the running of the statute of limitations beyond the two years provided in N.J.S.A. 2A:14-2.
Plaintiffs appeal, making numerous arguments, some of which were not presented to the Law Division judge. We elect to address a few of the more salient ones. Plaintiffs argue that because R. 4:9-3 reflects a liberal amendment policy, and because their naming of the City as a defendant in the original complaint instead of the Board was a simple mistake, the court should have allowed the amended complaint to relate back to the original filing of the complaint. They also argue, for the first time in their reply brief, that the relation-back rule applies because, at the very least, the Board had constructive notice of the institution of their action against the City by reason of the "interdependence" of the two entities. Further, they contend that their prompt filing of the amended complaint against the Board constituted "substantial compliance" with the requirements of the Act; and that, in light of the absence of any demonstrated prejudice to the Board, equitable principles dictate that the amendment relate back to the original filing of the complaint.
Plaintiffs also assert that the Bankruptcy Code tolled the running of the statute of limitations; that they were "prohibited" from filing suit within the statute by the bankruptcy trustee; and that 11 U.S.C. § 108(a) extended the statute for two years from the filing of their Chapter 7 petition on November 6, 1996. We reject all of plaintiffs' contentions.

I.
We turn first to plaintiff's argument that the relation-back rule, R. 4:9-3, suspended the running of the statute of limitations in this case. Rule 4:9-3 provides as follows:
Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading; but the court, in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim or defense in the pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, the party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party to be brought in by amendment.
In Kernan v. One Washington Park, 154 N.J. 437, 458, 713 A.2d 411 (1998), the Court recently had occasion to review the competing interests at stake in considering whether to allow a claim against a party newly added to a personal injury action after the statute of limitations had expired:
[I]n the context of amended pleadings, an accommodation has traditionally been made between the defendant's right to rely on the repose afforded by the statute of limitations and the right of the plaintiff to correct pleading errors or to respond affirmatively to his acquisition of new information respecting his claim. This accommodation is based on the perception that a person who has timely notice of the pendency of an action ... cannot reasonably object to the late assertion against him ... provided he is reasonably chargeable with the knowledge *1155 that those other claims would have been timely asserted against him but for plaintiff's error or lack of information and provided further that the late assertion does not prejudice him in maintaining his defense. [Wimmer [v. Coombs ], 198 N.J.Super. [184,] 188-89, 486 A.2d 916 [ (App.Div.1985) ].]
Whether an amendment adding a new party to an action should relate back to the filing of the original complaint basically involves a two-part inquiry.[4] First, the court is required to decide whether the amendment did, in fact, add a new defendant, or merely correct the name of the defendant in the original complaint. If it is determined the added defendant is a new party, and not just a correction of a misnomer, in order for the amendment to relate back, the plaintiff must show that the new defendant had "such notice (albeit informal) of the action prior to the running of the statute of limitations that he would not be prejudiced in maintaining his defense on the merits and knew or should have known that but for an error of identification, the action would have been brought against him." Pressler, Current N.J. Court Rules, comment 2 on R. 4:9-3 (2000).
A misnomer occurs where the correct party is already before the court, but the name in the complaint is deficient in some respect. See Stevens-Davis Co. v. Peerless Service Laundry, 112 N.J.L. 304, 306, 170 A. 619 (Sup.Ct.1936) (allowing correct corporate title to be substituted for erroneously stated one). Because the mere correction of the name of a party is more "formal" than "substantial," it does not affect the rights of the added party, and the amendment may fairly relate back to the original filing despite the running of the statute of limitations. See Coventry v. Barrington, 117 N.J.L. 217, 219, 187 A. 348 (E. & A.1936); see also Mears v. Economy Brake Service, Inc., 78 N.J.Super. 218, 227, 188 A.2d 207 (App.Div.), certif. denied, 40 N.J. 216, 191 A.2d 59 (1963).
In this case, plaintiff and her counsel's mistaken belief that the City, and not the Board, was the real party in interest is not the type of mistake the relation-back rule was intended to correct because correcting the mistake involves more than just curing a nominal defect; rather, it allows a new claim to be asserted against an entirely new party. The record clearly reflects that the Board is such a "new" party because it has a distinct and separate legal identity from that of the City. The City attorney's certification filed in support of the City's motion to dismiss supports this conclusion. It states:
The municipality of the City of Elizabeth is a totally separate and distinct entity from the Elizabeth Board of Education. The Board of Education is an autonomous entity with it's own by-laws, charter, superintendent, governing body, and employees. The Board of Education has separate legal counsel and a policy of liability insurance.
The City of Elizabeth on the other hand has its own charter, by laws, a mayor and city counsel, a City Attorney and its own employees. The City has no liability insurance but rather has a program of self-insurance.
In this case, allowing plaintiffs' amended complaint to relate back to the filing of the original complaint based on their claim of "mistake" would affect the Board's "substantial rights" since it is entitled to rely on the repose afforded by the statute, unless the Board had "such notice of the institution of the action that it [would] not be prejudiced in maintaining a defense on the merits." R. 4:9-3. Our review of the record persuades us that plaintiffs did not establish proof of such *1156 notice. Nor did they present any evidence to demonstrate that the Board "knew or should have known that but for the error of identification, the action would have been brought against him." R. 4:9-3. We reject plaintiffs' argument that the initial notice of claim served on the Board's clerk before the statute ran was sufficient notice to trigger the relation-back rule. The rule expressly requires "notice of the institution of the action," not just of a claim. The purpose of that notice provision in the rule is to assure that the added party will not be prejudiced by having to defend a stale claim. The Supreme Court's decision in Kernan, supra, 154 N.J. 437, 713 A.2d 411, amply illustrates this point.
In Kernan, a pedestrian was injured when she fell on an icy sidewalk outside an office building. Id. at 442, 713 A.2d 411. She sued the landowner not knowing it had filed for Chapter 11 bankruptcy protection. In that case, the Court approved the plaintiff's addition of the commercial landowner's management company and its trustee in bankruptcy as party defendants after the statute had run, concluding they would not be prejudiced by the delay in bringing them into the action because they shared the same insurer, who would ultimately be responsible for the claim, and because the trustee had received notice of the proceedings within the applicable twoyear statute of limitations. Id. at 456, 458, 713 A.2d 411.
In the instant case, although acknowledging that the Board did not have notice of the institution of the action against the City, plaintiffs maintain that the Board had constructive notice of the action due to the financial and political interdependence of the two entities. Plaintiffs assert that because the City provides the Board's funding through tax revenues, and because the members of the Board are appointed by the mayor, "the Board is nothing more than an extension of the City, notwithstanding its incorporation as a body politic" which permits the City's knowledge of the action to be imputed to the Board.
Relation-back depends upon whether the newly added party has demonstrated a sufficient identity of interest to justify treating it and the originally named party as a single legal entity. See Mears, supra, 78 N.J.Super. 218, 188 A.2d 207 (allowing relation-back of the amended complaint based on an identity of business interest between the original defendant and the added party).
In Mears, this court reversed the trial court's rejection of plaintiff's motion to allow his amended complaint adding a partnership as a defendant to relate back to the original filing of the complaint against a corporation that had been dissolved before plaintiff instituted the action. Id. at 226, 188 A.2d 207. We concluded there that because the business of the partnership and that of the corporation was the same, and was conducted under the same name, at the same location, and by the same principal whose insurance company and lawyer had undertaken a defense in the case, the amendment should have been allowed to relate back. Id. at 229-31, 188 A.2d 207. In such instance, we impliedly determined that a sufficient identity of interest had been established so that the partnership would not be prejudiced by having to defend an action which it "knew or should have known" would have been brought against it but for the error of identification. R. 4:9-3; see also Kernan, supra, 154 N.J. at 458, 713 A.2d 411.
Other jurisdictions have allowed the relation-back of an amended complaint to the original filing of the complaint based on an identity of interest analysis. See Perry v. Pioneer Wholesale Supply Co., 681 P.2d 214, 216-17 (Utah 1984) (recognizing principle that identity of interest as used in context of relation-back rule means parties must be "so closely related in their business operations and activities that notice of the action against one serves to provide notice of the action to the other"); see also Allbrand Appliance & Television Co., Inc. v. Caloric Corp., 875 F.2d 1021, 1025 (2d *1157 Cir.1989) (under identity of interest approach to relation-back rule, institution of an action against one party may constitute imputed notice to a party subsequently named by amendment when "substantial structural and corporate identity [exists] such as shared organizers, officers, directors and offices"); see also Kirk v. Cronvich, 629 F.2d 404, 408 n. 4 (5th Cir. 1980) (same principle). In such circumstances, notice of the institution of an action against one defendant is imputed to the newly added defendant because lack of prejudice is assumed. See Bunko v. Puyallup Civil Service Comm'n, 95 Wash. App. 495, 975 P.2d 1055, 1058-59 (1999) (allowing City to be added to action against Commission in police disciplinary case where City attorney represents both Commission and City, and City had same interest as Commission in enforcing latter's disciplinary order) (citing DeSantis v. Angelo Merlino and Sons, Inc., 71 Wash.2d 222, 427 P.2d 728, 730 (1967)).
Here, the City and the Board are two distinct legal entities. Under New Jersey law, the Board is a separate political entity which may sue and be sued in its own name, may hold title to real property in its name, and is responsible for maintaining that property in a reasonably safe condition. See N.J.S.A. 18A:10-1, 20-1, 18:11-2(a); Botkin v. Mayor and Borough Council of Westwood, 52 N.J.Super. 416, 425, 145 A.2d 618 (App.Div.), appeal dismissed, 28 N.J. 218, 146 A.2d 121 (1958); Falcone v. Board of Educ. of Newark, 17 N.J. Misc. 75, 4 A.2d 687 (1939); see also Kuzmicz v. Ivy Hill Park Apts., 147 N.J. 510, 688 A.2d 1018 (1997) (recognizing the liability of a board of education for dangerous conditions on its property). The City attorney's certification also indicates that each has its own separate counsel and insurance coverage. Thus, plaintiffs have failed to demonstrate a sufficient identity of interest in this litigation between the two entities to infer knowledge of the action by the Board, and therefore lack of prejudice cannot be assumed. The touchstone of the relation-back rule is fairness which is found only if the record can support a lack of prejudice. See Bunko, supra, 975 P.2d at 1058. This record does not satisfy the standard.
While we understand that R. 4:9-3 "should be liberally construed [and that its] thrust is directed not toward technical pleading niceties," Smelkinson v. Ethel & Mac Corp., 178 N.J.Super. 465, 471, 429 A.2d 422 (App.Div.1981) (quoting Harr v. Allstate Ins. Co., 54 N.J. 287, 299-300, 255 A.2d 208 (1969)), but toward deciding controversies on their merits, we nonetheless conclude, in the circumstances of this case, that R. 4:9-3 provides no relief to plaintiffs from the time bar of N.J.S.A. 2A:14-2.
We also note that plaintiffs cannot avail themselves of the fictitious-party rule, R. 4:26-4, which allows a plaintiff to amend a complaint beyond the statute of limitations period to add a new party in certain circumstances. Although plaintiffs filed a "John Doe" complaint, the rule does not permit relation-back of the amendment to the original filing of the complaint "[w]hen the plaintiff knows or has a reason to know that he has a cause of action against an identifiable defendant and voluntarily sleeps on his rights so long as to permit the customary period of limitations to expire." Farrell v. Votator, 62 N.J. 111, 115, 299 A.2d 394 (1973). In such circumstances "the pertinent considerations of individual justice as well as the broader considerations of repose, coincide to bar his actions." Ibid. See also Aruta v. Keller, 134 N.J.Super. 522, 529, 342 A.2d 231 (App.Div.1975) (relaxing the limitations bar in the interest of justice because plaintiff did not become aware of the identity of the party responsible for his injuries until after the limitations period had expired).
In this case, plaintiff was aware of the identity of the Board as a possible responsible party before they filed their complaint, as evidenced by their serving a notice of tort claim on the Board shortly after the accident. Accordingly, plaintiffs' *1158 amended complaint cannot relate back under R. 4:26-4.

II.
We also reject plaintiffs' contention that they were "prohibited" from filing their personal injury action within the statute of limitations by the trustee's letter dated December 12, 1996. Whatever limitations the trustee's letter may have imposed on their right to pursue the claim against the Board, it is clear that after plaintiffs received a discharge of their liabilities from the bankruptcy court on February 18, 1997, no further impediments remained. Indeed, plaintiffs had seven months to file suit or, if they believed it necessary, to seek clarification of the status of the claim from the trustee before the statute expired. Instead, they waited until three days before it ran to inquire of the trustee whether they could proceed with the claim. In these circumstances, plaintiffs' dilatoriness cannot be excused by anything the trustee in bankruptcy did or did not do. Accordingly, plaintiffs have failed to demonstrate any legal or equitable basis for tolling the statute of limitations based on the trustee's conduct.
We also reject plaintiffs' contention that 11 U.S.C. § 108(a) extended the time for initiating suit against the Board for two years from the date they obtained an order of relief from the bankruptcy court. Section 108(a)[5] of the Bankruptcy Code applies only to Chapter 7 "trustees," and "trustees" and "debtors in possession" in a Chapter 11 reorganization proceeding; it does not apply to a Chapter 7 "debtor." See Lawrence P. King, Collier on Bankruptcy § 108.02[3] (15th ed.1998) (stating proposition); see also Tingley v. Harrison, 125 Idaho 86, 867 P.2d 960 (1994) (same); Cunningham v. Healthco, Inc., 824 F.2d 1448, 1460 (5th Cir.1987) (same); Solar Constr. Co., Inc. v. Department of General Servs., 105 Pa.Cmwlth. 609, 525 A.2d 28 (1980) (same). Additionally, plaintiffs had been discharged by the bankruptcy court and were no longer even "debtors" at the time they sought to assert the extension provision of § 108(a). Accordingly, they are without legal standing to make this argument.

III.
To the extent plaintiffs have made other arguments not specifically addressed in this opinion, we conclude they are clearly without merit. R. 2:11-3(e)(1)(E).
Affirmed.
NOTES
[1] Reference to plaintiff or Otchy in the singular refers to Mrs. Otchy. Mrs. Otchy's husband asserted a per quod claim.
[2] The statute of limitations for plaintiffs' claim was two years under N.J.S.A. 2A:14-2.
[3] Under 11 U.S.C. § 541, plaintiffs' claims became an asset of the debtor's estate until abandoned by the trustee.
[4] Of course, in order to relate back to the original filing, the first prong of the rule must be met, namely, that the claim arose out of "the same conduct, transaction or occurrence" set forth in the complaint. R. 4:9-3. That aspect of the rule is not an issue in this appeal.
[5] 11 U.S.C. § 108(a) entitled "Extension of time" provides:

If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of
(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
(2) two years after the order for relief.