**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2599-24

JOHNATHAN DOMINGUEZ,[1]

     Plaintiff-Respondent,

v.

SKY HI MANAGEMENT
and 248 PARK HOLDINGS
LLC,

     Defendants-Appellants.

_____

Submitted February 3, 2026 – Decided April 16, 2026

Before Judges Susswein and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. SC-000026-25.

Ofeck & Heinze, LLP, attorneys for appellants (Mark F. Heinze, on the brief).

Respondent has not filed a brief.

---

[1] Defendant's first name is misspelled in the caption as "Jonathan," and has been corrected to read "Johnathan." We use the correct spelling within the opinion.

PER CURIAM

Defendants Sky Hi Management (property manager) and 248 Park Holdings, LLC (landlord) (collectively defendants) appeal from an April 2, 2025 judgment in favor of plaintiff Johnathan Dominguez. We vacate the judgment and remand for further proceedings.

## I.

Plaintiff was a tenant in an apartment building in Paterson. He entered into a lease agreement with the landlord to rent the property. In April 2024, plaintiff renewed the lease agreement for another twelve months.

Between November 26, 2024, and December 31, 2024, plaintiff did not have hot water. Plaintiff notified the property manager regarding this issue, and they made two attempts to correct the problem.

On December 30, plaintiff filed an order to show cause against the property manager, resulting in an order directing them to restore the hot water to plaintiff's apartment immediately. The order further stated that in the event the hot water was not immediately restored, plaintiff could return to court the next day to seek further remedy. The hot water was in fact restored on December 31.

2

On January 8, 2025, plaintiff filed the present complaint in the Law Division, Special Civil Part, against the property manager, seeking to recover December's rent as well as damages of $2,000 plus costs for pain and suffering.

On April 2, a bench trial was conducted. Plaintiff testified that his monthly rent was $1,290, which was up to date. He had not withheld any rent during the time the hot water was not working. On cross-examination, plaintiff acknowledged the lease agreement was between himself and the landlord and not the property manager. He also acknowledged that he remained in the apartment with "full services" except for hot water during that month. He explained that on certain days, he chose to shower at his gym.

During the trial, the property manager moved for a directed verdict, arguing that they were not a party to the lease, and as a result, there was no privity of contract between the property manager and plaintiff. The court intervened and confirmed with plaintiff that Sky Hi Management was the property manager for 248 Park Holdings and not the landlord. The court then stated, "[y]ou want to amend your complaint to add 248 Park Holdings, LLC as

A-2599-24

a plaintiff."[2]  Plaintiff answered, "[y]es," and the court responded, "[m]otion denied."

After the court denied the motion for a directed verdict, the property manager called Shlomie Stahl as a witness on their behalf.  Stahl acknowledged that he was also acting as an agent on behalf of the landlord.  He admitted to being aware of the hot water problem and made two attempts to fix it.  Stahl identified the plumber receipts for the two repair calls made in November and December.  He also confirmed that plaintiff had remained in the apartment during this time.

Upon completion of the trial, the court determined that the property manager owed $1,350 plus costs.  The court stated:

> So based on the testimony of [] plaintiff and the prior orders of this [c]ourt, the [c]ourt finds in favor of [] plaintiff in the amount stated above, which will be one month's rent, to be either returned to [] plaintiff or you don't pay for the month's rent for the  month that [] plaintiff was out of hot water.
>
> The [c]ourt does not find the defense's witness credible and any claims of emotional distress are dismissed.

---

[2]  It appears the court may have inadvertently referred to 248 Park Holdings as a "plaintiff" and not as a defendant.

A-2599-24

Defense counsel then queried of the court, "how do you award a whole month's rent for just hot water?" The court responded, "[y]ou got my decision[,]" and declined to provide further explanation.

On appeal, defendants contend the trial court erred by: (1) entering judgment against the property manager because it was not a party to the lease and lacked privity of contract with plaintiff; (2) entering judgment against the landlord because it had not been served with the summons and complaint and therefore the court lacked personal jurisdiction over it; and (3) by awarding damages to plaintiff because the record was devoid of evidence of damages caused by a breach of the warranty of habitability.

II.

A.

Our review of a trial court's factual determinations after a bench trial is limited. See Balducci v. Cige, 240 N.J. 574, 595 (2020); State v. McNeil-Thomas, 238 N.J. 256, 271 (2019). We will not disturb the court's factual findings unless they are so unsupported by, or inconsistent with, "the competent, relevant and reasonably credible evidence as to offend the interests of justice." Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015) (quoting Rova Farms Resort, Inc. v. Investors. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). We review

5

a trial court's legal determinations, however, de novo. <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995) (citations omitted).

We begin with defendants' contention that the court erred in rendering judgment against the property manager because it lacked privity of contract with plaintiff. Defendants argue that plaintiff filed his complaint asserting liability for damages under the implied warranty of habitability, and because the property manager lacked contractual privity with plaintiff, the complaint should have been dismissed.[3]

Although plaintiff's complaint does not explicitly state a theory of liability, he seeks the return of December's rent, in addition to damages for pain and suffering due to a lack of hot water; therefore, the complaint appears to aver a breach of the landlord's covenant of habitability. Notably, plaintiff proffered no alternative theory of liability.

A landlord's covenant of habitability and a tenant's covenant to pay rent are "mutually dependent" on one another and arise from their contractual relationship. <u>Berzito v. Gambino</u>, 63 N.J. 460, 469 (1973). "Habitability is synonymous with suitability for living purposes; the home must be occupiable."

---

[3] Plaintiff failed to file a timely response to this appeal.

A-2599-24

Aronsohn v. Mandara, 98 N.J. 92, 104 (1984) (citing Trentacost v. Brussel, 82 N.J. 214, 225 (1980)).

If a tenant gives reasonable notice of a defect or damage to the property that would breach the covenant of habitability, the tenant may either make the necessary repairs or leave the premises, resulting in a constructive eviction. Marini v. Ireland, 56 N.J. 130, 146-47 (1970). To constitute a breach of the covenant of habitability, "[t]he condition complained of must be such as truly to render the premises uninhabitable in the eyes of a reasonable person." Berzito, 63 N.J. at 469.

In this case, there is no dispute that the property manager lacked contractual privity with plaintiff. Indeed, the lease agreement was between the landlord and plaintiff. In denying the property manager's motion for a directed verdict based on this lack of privity, the court sua sponte allowed plaintiff to amend his complaint to add the landlord as a defendant and then continued with the trial. Under the covenant of habitability, due to the lack of privity between plaintiff and the property manager, the court erred by not granting the motion and dismissing the case against the property manager. See Reyes v. Egner, 404 N.J. Super. 433, 463-64 (App. Div. 2009), aff'd, 201 N.J. 417 (2010).

A-2599-24

Moreover, the court did not explain its reasons for denying the motion and the basis for allowing the case to continue against the property manager, as required by Rule 1:7-4(a). Our review is hampered when a trial court fails to elaborate upon the reasons for its decision. Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 304 (App. Div. 2021) (citations omitted). Naked conclusions do not satisfy the requirements of Rule 1:7-4(a). Ibid. (citations omitted).

Following defense counsel's motion, the court appears to have recognized the lack of privity with the property manager by permitting plaintiff sua sponte to amend his complaint and add the landlord as a defendant. This decision, however, did not cure the lack of privity between plaintiff and the property manager. This error was compounded by the court's continuation of the trial without giving the landlord proper notice and opportunity to be heard, as we address in subsection B.

B.

Defendants next contend that the court erred by permitting the sua sponte amendment and proceeding against the landlord mid-trial. Defendants argue that the amendment did not "merely cure a misnomer or a technical defect." Rather, it was a substantive amendment, necessitating an adjournment of the

8

matter so that notice could be given to the landlord.  "Although motions to amend 'are ordinarily afforded liberal treatment, the factual situation in each case must guide the court's discretion, particularly where the motion is to add new parties late in the litigation.'"  Verni ex rel. Burstein v. Harry M. Stevens, Inc., 387 N.J. Super. 160, 195 (App. Div. 2006) (quoting Bonczek v. Carter-Wallace, Inc., 304 N.J. Super. 593, 602 (App. Div. 1997)).  Because the rights of the landlord were at stake, the court erred in simply permitting the amendment without affording to the landlord proper notice or opportunity to be heard. Otchy v. City of Elizabeth Bd. of Educ., 325 N.J. Super. 98, 106-07 (App. Div. 1999).

Moreover, without service of the summons and complaint, the court lacked personal jurisdiction over the landlord.  A judgment entered against a party without personal jurisdiction renders the judgment void.  See R. 4:50-1(d); see also Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425 (App. Div. 2003); City of Passaic v. Shennett, 390 N.J. Super. 475, 485 (App. Div. 2007).

Although Stahl testified that he was acting as the landlord's agent, the record is unclear if he was referring to the attempts the property manager made to fix the hot water issue or was acting as its agent during the proceedings.  The

A-2599-24

record also does not establish that the landlord consented to jurisdiction. The court made no findings on the threshold issue of jurisdiction. Thus, these errors necessitate a remand.

C.

Because we have determined a new trial is warranted, we need not address defendants' final issue regarding the lack of evidence of damages. However, because the matter is being remanded for a new trial consistent with this opinion, we note the following regarding the issue of damages. In order to be entitled to an award of damages, a plaintiff must prove that he or she suffered some loss or injury, and provide the fact finder with "some information from which to estimate the amount of damages, even if [plaintiff] is unable to prove the exact measure of his [or her] damages." Nappe v. Anschelewitz, Barr, Ansell & Bonello, 97 N.J. 37, 41 n.1, 48 (1984). On remand, to be entitled to damages, plaintiff must prove the amount of damages sought. If the court determines compensation is justified, it must adequately explain its findings and correlate those findings to its legal conclusions.

In sum, we vacate the judgment and remand for a new hearing on plaintiff's complaint before a different judge to avoid any claim of partiality. See Graziano v. Grant, 326 N.J. Super. 328, 349 (App. Div. 1999) (explaining a

remand to a different judge may be appropriate "when there is a concern that the trial judge has a potential commitment to [their] prior findings"); Carmichael v. Bryan, 310 N.J. Super. 34, 49 (App. Div. 1998) (noting that a judge's expression of opinion might evidence a "commitment to [their] findings").

If plaintiff seeks to amend his complaint to include the landlord as a defendant, a formal motion to amend on notice to the landlord should be made. See R. 4:9-1; Kernan v. One Wash. Park Urban Renewal Assocs., 154 N.J. 437, 456 (1998) (motions for leave to amend should be liberally granted). If the amendment is granted, service of the complaint should be effectuated and a new trial consistent with this opinion should be conducted. We take no position with respect to the outcome on remand. We reiterate, however, the need for the trial court to state clearly its findings of fact and legal conclusions drawn from those findings on all pertinent issues in dispute and elements of each claim. Curtis v. Finneran, 83 N.J. 563, 569-70 (1980) (citing R. 1:7-4) (remaining citations omitted).

Reversed and remanded for a new trial consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-2599-24